HARDIMAN, Circuit Judge,
dissenting.
In its landmark decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court restored to district judges much of the broad discretion to sentence criminal *90 defendants they possessed prior to the adoption of the United States Sentencing Guidelines in 1984. See 543 U.S. at 227, 125 S.Ct. 738. Because I cannot agree with the majority’s conclusion that the District Judge in this case abused his discretion when he sentenced Anderson at the bottom of the advisory Guidelines range, I respectfully dissent.
I.
This case is not unlike Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), in which the district court imposed a bottom-of-the-Guidelines sentence of 33 months. Id. at 2469. In Rita, the district judge listened to the defendant’s arguments for leniency, considered and understood the supporting evidence, found that the defendant’s circumstances were not atypical, and pronounced the sentence “appropriate.” Id. Characterizing the judge’s explanation as “brief but legally sufficient,” the Supreme Court concluded, “[h]e must have believed that there was not much more to say.” Id. As in Rita, the District Court in this case could have been more comprehensive in articulating the rationale supporting Anderson’s sentence, but that does not make its sentence legally insufficient.
II.
I agree with the majority that district courts may not presume that within-Guidelines sentences are reasonable. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007). The majority is also correct to note that, although courts of appeal are free to adopt a rebut-table presumption that within-Guidelines sentences are reasonable, id. at 597, this Court has declined to do so. See United States v. Cooper, 437 F.3d 324, 331-32 (3d Cir.2006). Thus, we review all sentences for evidence that the district court considered the other relevant § 3553(a) factors. Id. at 329.' Because the purpose of this review is simply to ensure that the district court’s inquiry did not begin and end with the Guidelines, it is not searching. See Gall, 128 S.Ct. at 597. We do not require the district judge to make explicit findings as to each § 3553(a) factor, to state by rote that he or she knows the Guidelines are advisory, or to invoke particular “magic words.” Cooper, 437 F.3d at 329, 332.
The majority expresses concern that the District Court treated the Guidelines as presumptively reasonable and, consequently, gave insufficient consideration to the other § 3553(a) factors. The majority notes: “it is exceedingly difficult to determine if the court considered a guideline sentence to be per se reasonable, or merely relied upon the guideline range as the starting point in considering the other factors under 18 U.S.C. § 3553(a).” The majority resolves this uncertainty against the District Judge. Because I believe the record shows that the District Judge adequately considered the relevant § 3553(a) factors, I would reach the opposite conclusion.
III.
The record in this case demonstrates that, although he did not cite to the subsections of § 3553(a) letter-by-letter as we would prefer, the District Judge’s analysis of the applicable sentencing factors was considerably more thorough than the curt review upheld by the Supreme Court in Rita. Here, the District Judge considered: “the nature and circumstances of the offense” * and “the history and characteris *91 tics of the defendant,” ** § 3553(a)(1); “the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,” *** § 3553(a)(2)(A); “the need for the sentence imposed to afford adequate deterrence to criminal conduct,” **** § 3553(a)(2)(B); “the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner,” ***** § 3553(a)(2)(D); “the kinds of sentences available,” ****** § 3553(a)(3); “the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines,” ******* § 3553(a)(4); and “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,” ******** § 3553(a)(6).
In light of the foregoing, I do not share the majority’s concern that the District Judge considered a within-Guidelines sentence to be presumptively reasonable. If this were his belief, the District Judge would have dispensed with the discussion of factors related to §§ 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(D), (a)(3), and (a)(6) in favor of a simple reference to § 3553(a)(4). Accordingly, I believe that *92 the District Judge concluded — like the sentencing judge in Rita — that Anderson’s circumstances were “simply not different enough” to place his case outside the “min-erun of roughly similar [crack-cocaine] cases” to which the Guidelines range is appropriately applied. Rita, 127 S.Ct. at 2469.
The majority also suggests that the Supreme Court’s recent decision in Gall, which further expanded the discretion of sentencing judges, supports vacating Anderson’s sentence. I disagree. In rejecting the use of rigid formulas for determining how convincing a judge’s explanation of a sentencing decision must be, Gall, 128 S.Ct. at 595, the Supreme Court found it “uncontroversial that a major departure [from the Guidelines] should be supported by a more significant justification.” Id. at 597. By reverse inference, a sentence at the bottom of the Guidelines range, like Anderson’s, should not require a lengthy explanation. Rita, 127 S.Ct. at 2469. Measured against this standard, the District Court’s explanation was more than sufficient.
IV.
In addition to expecting a lengthier explanation from the District Judge than the law requires, Rita, 127 S.Ct. at 2469, the majority’s decision largely overlooks our second sentencing priority: “creating a fair and uniform sentencing regime across the country.” Cooper, 437 F.3d at 331 (quoting United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir.2005)). The Guidelines continue to play an important role in this regard. As the majority recognizes, we have stated that a within-Guidelines sentence is “more likely to be reasonable than one that lies outside” the Guidelines range. Id. For this reason, the Guidelines provide “a natural starting point” and “benchmark” for the district court’s sentencing decision. Id.; Gall, 128 S.Ct. at 596 n. 6 (“[District courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.”).
In this case, the majority expresses discomfort with the judge’s statement: “If I want to go outside the guidelines, I have to find a reason.” If this were all the District Judge had said, I would agree with the majority that the Guidelines supplanted the other § 3553(a) considerations. But the District Judge said much more. See Section III, supra. Given this context, I find that he merely relied upon the Guidelines as the starting point in tailoring his sentence to Anderson’s specific situation. I find this reliance appropriate and consistent with the post-Booker precedents of the Supreme Court and this Court.
V.
In sum, because the District Court considered the relevant § 3553(a) factors, did not place exclusive or presumptive reliance on the Guidelines, and imposed a sentence that was both procedurally and substantively reasonable, I would affirm Anderson’s sentence.

 The judge "agree[d] with the assessment of the probation officer ... that Mr. Anderson was involved in supplying the drugs for this transaction, and also had some financial dealings *91 with the supplier.” App. 47. He noted Anderson’s “ability to respond quickly to the confidential informant’s request” for cocaine. Id. And he made clear to Anderson that he was "not taking into account ... that on [sic] the transaction there was some rumor of a gun being present.” Id.

 The judge discussed Anderson’s criminal history, stating: "With regard to the criminal history record ... I’ve considered the fact that they’re misdemeanors, but ... I find that they’re serious enough that I shouldn’t grant the reduction and alter the criminal history category.” App. 47-48. The judge also informed Anderson that he read the letter submitted by Anderson’s fiancee discussing their family situation. App. 39-41, 53.

 The prosecutor told the judge: "There has been a judgment that’s reflected in the statutory sentencing scheme that crack cocaine sales are a very serious offense.” App. 56; see Rita, 127 S.Ct. at 2469 (Where the record shows that the judge listened to the parties’ arguments and considered and understood the supporting evidence, the judge need not state "explicitly that he ... heard and considered the evidence and argument.”).

 jjjg ju(jge told Anderson: "I understand that you’ve been incarcerated since April ... [a]nd that you have thought seriously about your predicament, and have tried to find avenues that could support your efforts to change your life around.” App. 53.

 The judge ordered Anderson to "participate in a drug aftercare treatment program at the direction and discretion of his probation officer.” App. 59. He also expressed his hope that Anderson would "continue [his] rehabilitative efforts in prison, and come out and be able to be a father to [his] children, a companion to Ms. Walker, and a good citizen.” App. 57.

 The judge listened to defense counsel’s argument that "the minimum sentence the Court is required to impose is adequate to meet the requirements of the statute.” App. 52; see Rita, 127 S.Ct. at 2469. The judge also reviewed Anderson’s requests for downward departures and exercised his "discretion to decline to depart in this case.” App. 58. Finally, the prosecutor clearly informed the judge that he was not bound by the Guidelines range. App. 55; see Rita, 127 S.Ct. at 2469.

 The judge told Anderson: ”[T]he break you’re going to get is you’re going to get the low end of the guideline range, 108 months.” App. 57.

 The prosecutor informed the judge that "the Court sentenced the codefendant, Eric Samson” to 121 months, and "his sentencing guideline range was 121 to 151 months.” App. 55; Rita, 127 S.Ct. at 2469. Moreover, the prosecutor said, "based on my knowledge of the case, I believe ... it's appropriate that Mr. Anderson’s guideline range is less than Mr. Samson’s was.” App. 55.